## PHILIP HOFFMAN
### v.
### JOSEPH REICHERT ET AL.

*Forcible Entry and Detainer—Leasehold Interest in Coal Lands—Attachment—Redemption—Corporate Property—Officers—Personal Profit—Evidence.*

Hoffman v. Reichert.

1.  Personal property can not be recovered in an action of forcible entry and detainer.

2.  A director of a corporation can not deal with the corporate property for his own benefit, or use it for his individual purpose.

3.  Neither can he claim that possession taken by him of such property is an individual possession, and set it up to the exclusion of the corporation.

4.  In an action of forcible entry and detainer brought to recover a leasehold interest in coal lands, the fact being that plaintiff, the treasurer and a director of the lessee company, obtained judgment against it upon a debt, and levied upon such interest which was bought in by him upon a sale under execution, this court holds that as plaintiff failed to give said company notice that he took possession in his own behalf, such possession was that of the company alone; that the digging of coal thereafter, by said company, invaded no rights of his; and that money expended by him for the purpose of freeing the mine from water could be recovered.

[Opinion filed November 1, 1889.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for plaintiff in error.

Messrs. TURNER & HOLDER, for defendants in error.

A director of a corporation has no right under any circumstances to use his official position for his own benefit. In accepting his appointment as treasurer, he undertakes to give the company the benefit of his best care and judgment. Morawetz on Priv. Cor., Sec. 517; Hoyle v. Plattsburg & Montreal R. R. Co., 54 N. Y. 314; Gilman, C. & S. R. R. Co. v. Kelly, 77 Ill. 426.

A director of a corporation is a trustee for it, and can not speculate upon its property to the disadvantage of his associate directors. He can not claim possession of the property over which he is trustee and custodian in exclusion of the corporation and other directors thereof which he represents, to his own personal advantage and against the interests of the corporation and other directors and stockholders. The possession of the trustee is presumed to be the possession of the *cestui que trust*. He can not claim adversely to those for whom he acquired and holds the property. Oliver v. Piatt,

3 How. (U. S.) 333; Speidel v. Henrici, 120 U. S. 386; Railroad Company v. Durant, 93 U. S. 576; Van Epps v. Van Epps, 9 Paige, 241.

Possession of an employe is still the possession of the employer, and the employer has a right to summarily discharge an employe upon a wilful neglect of duty, and refusal to perform the labor for which he was employed. Parsons on Con. (bottom pages 4th Ed.) ; Spain v. Arnott, 2 Stark. 256; Singer v. McCormick, 4 W. & S. 265.

A purchaser of land at a judicial sale can not recover possession from judgment debtor in forcible detainer until he obtains a deed. Kratz v. Buck, 111 Ill. 40.

When the plaintiff brings forcible entry and detainer, he admits the property sued for to be real estate. Kassing v. Keohane, 4 Ill. App. 460.

In order to recover in an action of forcible entry and detainer, the plaintiff must prove actual possession of the premises by him at the time of the alleged forcible entry. Mann v. Brady, 67 Ill. 95.

Where suit in forcible detainer is brought against two or more jointly, the plaintiff must show that they hold the possession jointly, or what particular portion of the premises each one holds. Failure to prove a joint holding is a misjoinder, and fatal to a recovery. 1 Chitty on Pl. 83; Humphreville v. Davis, 27 Ill. App. 142.

REEVES, P. J. The Freeburg Coal Company is a corporation organized under the general incorporation statute of Illinois. It held a lease on certain land in St. Clair county, by which all the coal in, under and throughout the land was granted to it, with the right to mine the same, and this lease was to continue until all the minable coal was taken out. The mine had been opened and worked for a number of years until December 12, 1884, when it took fire, and had to be closed up to save the mine. Plaintiff in error was at this time, and had been for quite a time prior thereto, a director and treasurer of the coal company. At a meeting of the stockholders, held December 29, 1884, it was determined that the mine should be kept closed until the fire had become extinguished.

Hoffman v. Reichert.

The company being indebted to plaintiff in error upon a note for $1,017, he sued the company and recovered a judgment against it. An execution was issued upon this judgment, and levied upon the leasehold interest in the lands above referred to, and also upon all the personal property of the company, consisting of engine, boiler, a large quantity of mining tools, etc. A sale was made under this levy, on the 8th day of January, 1887, the leasehold interest bringing $100 and the personal property $500. Plaintiff in error became the purchaser, and a certificate of purchase was issued to him on the sale of the leasehold interest. In April, 1887, Hoffman took possession of the mine, having failed, as he says, to sell it, and in conjunction with defendant in error, Joseph Reichert, who was the president of the coal company, negotiated with parties to take out the water that had accumulated in the mine. Finding that it would require the expenditure of a considerable sum of money to open the mine, Reichert declined to go on in the matter with Hoffman, telling Hoffman, as Hoffman says, that he might go ahead and get his money out of it if he could. Thereupon Hoffman did go ahead and opened the mine at a cost of about $1,600. About the time the work of getting the mine ready to be worked was completed, Hoffman fell sick and was confined to his house for a number of weeks. At this time the directors of the company held a meeting and resolved that the company would redeem from Hoffman's sale the leasehold interest, and the president was directed to make the redemption, which was done. One Ogden had been, under Hoffman, in charge of the work of re-opening the mine and getting it ready for the mining of coal, and was still so in charge when the redemption took place. After redeeming from the sale of the leasehold interest, Reichert, as president of the company, and for the company, went to the mine and took possession, and began raising coal. It is claimed that Ogden surrendered possession to the company and was employed by it as superintendent of the mine for the company, and went to do the work for the company, but after a few days locked up the engine house and delivered the keys to Hoffman, who was

still confined to his house by illness. This was the 18th or 19th day of November, 1887. The company by its agents opened the engine house and resumed work. Soon after Hoffman began this action in forcible entry and detainer against Reichert and the company, and being defeated in his action he brings the case to this court for review.

The form of the action recognizes the property sought to be recovered to be real estate. The sale of the leasehold interest was made upon the same basis, and a certificate of purchase issued.

A number of legal propositions are discussed in the briefs, which, in the view we take of the case, it will be unnecessary to notice. So far as the personal property bought by Hoffman at the execution sale is concerned, it can not be considered in this action. If the title to this passed to Hoffman by the sale, and the possession of it was wrongfully taken from him, it can not be recovered in an action of forcible entry and detainer, so that the leasehold interest is all that is involved in this action.

Hoffman, at the time he claims he took possession of the leasehold interest, was both a director of the company and its treasurer. As such he could not deal with the property of the company except as such officer, unless he gave sufficient notice to the company that he was acting, not as a trustee of the corporation, but in his individual capacity and right.

So when he took possession of the mine in April, 1887, having given no notice to the corporation that he was acting in his individual capacity, and not as an officer of the corporation, such possession was in law the possession of the corporation, and when the other officers and trustees of the corporation went into possession of the mine and began the mining of coal for and in behalf of the corporation, there was no invasion of the possession of Hoffman as an individual. What Hoffman did in re-opening the mine and repairing it, must be held to have been done by him for, and in behalf of the company, and for the money expended by him in doing this work, the coal company would be liable to him. While a director of a corporation is not a technical trustee, still his

relation to the corporate property is, in its very nature, a fiduciary relation, and as such director he can not deal with the corporate property for his own benefit, or use it for his individual purpose.    He can not claim that possession taken by him of the corporate property is an individual possession, and set it up to the exclusion of the corporation of which he is an equitable trustee.    The possession of a trustee is presumed to be the possession of the *cestui que trust*.    Morawetz on Pri. Corp., Sec. 517 *et seq.;* Taylor on Private Corporations, Sec. 34; Hoyle v. Plattsburg & Montreal R. R. Co., 54 N. Y. 314, and G. C. & S. R. R. Co. v. Kelly, 77 Ill. 426; Sanger v. Upton, 91 U. S. 56 to 60.

In the view we have taken of the law applicable to the facts of this case, the result of the trial in the court below was right.    The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*